**Ramiro GARCIA, Petitioner–Appellant,**

v.

**R.A. CASTRO, Warden, Respondent–Appellee.**

No. 02–55558.

United States Court of Appeals, Ninth Circuit.

Submitted March 29, 2004.*

Decided April 2, 2004.

Ramiro Garcia, CSPI–California State Prison, Blythe, CA, Shakti Murthy, Santa Monica, CA, for Petitioner–Appellant.

Stephen A. McEwen, Esq., April S. Rylaarsdam, AGCA–Office of the California, Attorney General (LA), Los Angeles, CA, for Respondent–Appellee.

Before: PREGERSON, BEEZER and TALLMAN, Circuit Judges.

MEMORANDUM **

Ramiro Garcia appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition, wherein Garcia challenged his conviction for second degree murder on the ground that the evidence presented at trial was insufficient to support his conviction for the gang murder of bystander Stanley Drury under either an aiding and abetting theory or a natural and probable consequence theory. We review a district court's decision to deny or grant a 28 U.S.C. § 2254 habeas petition de novo. *See Alcala v. Woodford,* 334 F.3d 862, 868 (9th Cir.2003). We have jurisdiction under 28 U.S.C. § 2253 and affirm.

Under the Antiterrorism and Effective Death Penalty Act, a petitioner must demonstrate that the state court's adjudication of the merits resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreason-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

able determination of the facts. *See Lockyer v. Andrade,* 538 U.S. 63, 71, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). When the sufficiency of the evidence supporting a verdict is challenged, "[t]he relevant question is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original).

California law provides that "[a] person aids and abets the commission of a crime when he or she, (i) with knowledge of the unlawful purpose of the perpetrator, (ii) and with the intent or purpose of committing, facilitating or encouraging commission of the crime, (iii) by act or advice, aids, promotes, encourages or instigates the commission of the crime." *People v. Cooper,* 53 Cal.3d 1158, 1164, 282 Cal. Rptr. 450, 811 P.2d 742 (1991). In addition, an aider and abettor "is guilty not only of the offense he intended to facilitate or encourage, but also of any reasonably foreseeable offense committed by the person he aids and abets." *People v. Croy,* 41 Cal.3d 1, 12 n. 5, 221 Cal.Rptr. 592, 710 P.2d 392 (1985). Under this doctrine of natural and probable consequences a defendant "need not have intended to encourage or facilitate the particular offense ultimately committed by the perpetrator but is responsible for any reasonably foreseeable consequence of the criminal conduct he intentionally encouraged or facilitated." *People v. Nguyen,* 21 Cal.App.4th 518, 534, 26 Cal.Rptr.2d 323 (1993) (internal quotations omitted).

Garcia's conduct clearly falls under this latter definition of aiding and abetting. A

rational trier of fact could have concluded that the death of an innocent bystander to the gang's violent show of strength was a reasonably foreseeable consequence of the preceding murder of Joel Hernandez, which Garcia intentionally encouraged by telling the shooter to "kill him, kill him." Accordingly, we AFFIRM the district court's denial of Garcia's habeas petition.

AFFIRMED.